# THE ATTORNEY GENERAL
## OF TEXAS



PRICE DANIEL
ATTORNEY GENERAL

*Overrule opinion
Book 355 Page 952
4-30-34, to W. W. Heath
opinion no. 2961 3-27-35*

June 18, 1948

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V-611

Re: The inclusion of bonds,
notes, and debentures
originally maturing a
year or more from date
of issue, but now past
due, in determining tax-
able capital for franchise
tax purposes.

Dear Mr. Cavness:

You have requested our opinion as to which of two di-
vergent opinions by former Attorneys General would govern in
determining the amount of notes, bonds, or debentures, which
originally became due and matured one year or more from date
of issue but which are still outstanding and unpaid, to be consid-
ered as taxable capital for franchise tax purposes under the pro-
visions of Article 7084, Revised Civil Statutes, as amended.

The part of Article 7084, Revised Civil Statutes, 1925,
as amended by Acts 1930, 41st Legislature, 5th C.S., page 220,
Chapter 68, Sec. 2, pertinent to this opinion is as follows:

"Except as herein provided, every domestic and
foreign corporation heretofore or hereafter charter-
ed or authorized to do business in Texas, shall, on or
before May 1st of each year, pay in advance to the Sec-
retary of State a franchise tax for the year following,
based upon that proportion of the outstanding capital
stock, surplus and undivided profits, plus the amount of
outstanding bonds, notes and debentures, other than
those maturing in less than a year from date of issue,
. . ."

The opinion of Hon. James V. Allred, Attorney General, ad-
dressed to Hon. W. W. Heath, Secretary of State, Austin, Texas, ap-
proved April 30, 1934, referred to in your request, contains the fol-
lowing question:

"3. Shall bonds, notes and debentures which orig-
inally matured one year or more from date of issue and

have since matured and are now past due on the books
of the corporation be considered a part of taxable capi-
tal within the meaning of Article 7084? "

The answer thereto is as follows:

"It is our opinion that such bonds, notes and deben-
tures that originally matured one year or more from
date of issue and have matured and are past due at the
time the corporate books are closed for the fiscal year,
should not be considered in measuring the franchise tax
due by a corporation."

On March 27, 1935, the Hon. William McCraw, Attorney
General of Texas, delivered an opinion to the Hon. Gerald C. Mann,
Secretary of State, in answer to the following question:

"Shall bonds, notes and debentures which origin-
ally matured one year or more from date of issue and
have since matured and are now past due on the books
of the corporation, be considered a part of the taxable
capital within the meaning of Article 7084? "

After referring to the opinion addressed to the Hon. W. W.
Heath, under date of April 30, 1934, supra, and stating that a "diver-
gent view" to that opinion must be registered, the then Attorney Gen-
eral made the following holding:

"Therefore, it is our opinion and you are so ad-
vised, that notes, bonds, and debentures originally
maturing one year or more from date of issue, but
past due, should be considered as taxable capital of
a corporation for franchise tax purposes."

You request advice as to which of the two foregoing opinions
shall govern in determining the amount of notes, bonds, and deben-
tures subject to franchise tax by corporations.

The Office of the Secretary of State advises that it has con-
sistently followed the opinion rendered by the Hon. William McCraw,
dated March 27, 1935, from the time it was received by that office up
to the effective date of Article VIII, Sec. 1, Chap. 184. Acts 47th Leg.,
1941, p. 269, which materially changed the verbiage of that part of Ar-
ticle 7084 above quoted. Since such change there has been no ques-
tion but that such outstanding and unpaid sums are considered as tax-
able capital for franchise tax purposes.

The holding contained in the opinion of the Hon. William Mc-
Craw, Attorney General, approved March 27, 1935, in limited confer-

ence, is in accord with the plain and unmistakable phraseology of the statute as evidenced by the intention of the Legislature in its enactment. Although the opinion of the Hon. William McCraw did not specifically overrule the opinion rendered by the Hon. James V. Allred, dated April 30, 1934, nevertheless, the language therein contained is conclusive that such was the intention of the Attorney General in rendering the opinion approved March 27, 1935; and it is the opinion of this Department that the holding in the opinion of the Attorney General dated March 27, 1935, is correct.

The departmental construction of the Secretary of State based upon the opinion of the Attorney General approved March 27, 1935, having been consistently followed for a period of more than thirteen years, and the Legislature having met many times since the rendition of the opinion, the following rule enunciated by the Supreme Court of Texas in the case of Isbell vs. Gulf Union Oil Company, 209 S.W. (2d) 762, would govern:

"While the Legislature has met many times since Article 7092 was construed as above indicated, it has not undertaken to change the statute so as to alter the construction which had been given it. If the Legislature did not approve the construction which had been given the statute, it could have easily amended the law. This was not done. This Court does not feel justified to hold now that the Secretary of State was in error in the construction of this statute."

You are therefore advised that notes, bonds, and debentures originally maturing one year or more from date of issue, but now past due, should be considered as taxable capital for franchise tax purposes under the provisions of Article 7084, Revised Civil Statutes.

## SUMMARY

Notes, bonds, and debentures originally maturing one year or more from date of issue but since matured and past due on the books of the corporation are part of the taxable capital within the meaning of Art. 7084, R.C.S. of Texas, 1925, as amended by Acts 1930, 41st Leg., 5th C.S., p. 220, Ch. 68, Sec. 2. Isbell v. Gulf Union Oil Co., 209 S.W. (2d) 762; Attorney General's opinion addressed to Hon. W. W. Heath, Secretary of State, dated April 30, 1934, overruled; Attorney General's opinion addressed to Hon. Gerald C. Mann, Secretary of State, dated March 27, 1935, approved.

Yours very truly

APPROVED

*Price Daniel*

ATTORNEY GENERAL

CKR/JCP

ATTORNEY GENERAL OF TEXAS

By     *C. K. Richards*

C. K. Richards
Assistant